Applicant, Robert Eskridge, has filed a timely application for reopening pursuant to App.R. 26 (3). The applicant is seeking to reopen the appellate judgment rendered in State v. Eskridge (May 13, 1999), Cuyahoga App. No. 73673, unreported, which affirmed the applicant's conviction for the offense of murder with a firearm specification (R.C. 2903.02). For the following reasons, we deny the application for reopening.
Res judicata prevents this Court from granting the applicant's application for reopening. Errors of law that were raised through a prior appeal may be barred from further review vis-a-vis the doctrine of res judicata. See, generally, State v. Perry (1967),10 Ohio St.2d 175, paragraph nine of the syllabus. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred from further review unless circumstances render the application of the doctrine ofres judicata unjust. State v. Murnahan (1992), 63 Ohio St.3d 60.
In the present matter, the applicant possessed a prior opportunity to raise and argue the claim of ineffective assistance of appellate counsel through an appeal to the Supreme Court of Ohio. In fact, the applicant did file an appeal with the Supreme Court of Ohio through retained counsel that was different from appellate counsel. Through retained counsel, the applicant raised the issue of ineffective assistance of appellate counsel through the appeal that was filed with the Supreme Court of Ohio. This fact is demonstrated upon review of the supplemental brief that was filed by the Cuyahoga County Prosecutor which contains a copy of the "memorandum in support of jurisdiction of appellant Robert Eskridge" as submitted to the Supreme Court of Ohio.
The Supreme Court of Ohio, however, dismissed the applicant's appeal on or about October 7, 1999. Since the issue of ineffective assistance of appellate counsel was raised on appeal to the Supreme Court of Ohio and the applicant employed different counsel upon appeal to this Court and the Supreme Court of Ohio,res judicata now bars any further litigation of this claim. We further find that the circumstances of this case do not render the application of the doctrine of res judicata unjust. State v.Dehler (1995), 73 Ohio St.3d 307; State v. Terrell (1995),72 Ohio St.3d 247; State v. Smith (Jan 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), Motion No. 71793.
Finally, a substantive review of the brief in support of the application for reopening fails to support of the claim of ineffective assistance of appellate counsel. Appellate counsel is not required to argue assignments of error which are meritless.Jones v. Barnes (1983), 463 U.S. 745. This Court's consideration of the proposed assignments of error, as raised through the application for reopening, would not have resulted in a reversal of the applicant's conviction for the offense of murder with a firearm specification. Strickland v. Washington (1984).466 U.S. 668; State v. Smith (1985), 17 Ohio St.3d 98; Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299.
Accordingly, the applicant's application for reopening is denied.
TIMOTHY E. McMONAGLE, J. and ROCCO, J., CONCUR.
 __________________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE